[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by High Sheriff Walter Kupchunos, Jr., of Hartford County, from a decision of the Freedom of Information Commission ("FOIC") holding him in violation of Connecticut General Statutes § 1-210a for failing to provide prompt access to requested records.
The FOIC complaint was originally brought against High Sheriff Kupchunos and the Office of County Sheriffs. The records requested relate to payroll and personnel records of sheriffs.
The transcript of the proceedings before the FOIC reveal that CT Page 2697 Patricia Lempicki, Administrative Director of Office of County Sheriffs, stated that her office was the keeper of records relating to sheriffs, including personnel and payroll matters. When asked whether or not those documents were maintained in the office of High Sheriff Kupchunos, she replied as follows: "Some of the counties keep copies of what they send and some of them don't. We maintain the official records."
Q. "Does Hartford County [High Sheriff Kupchunos] keep them or not keep them?"
A. "I don't know."
 On the basis of this testimony, the FOIC made the following findings of fact:
 "13. It is found that the originals of the requested records are maintained at the office of the respondent board/agency. (Office of County Sheriffs)
 14. It is also found that the respondent sheriff [Kupchunosl failed to prove that his office did not have copies of the requested records at the time of the request described in paragraph 2 above, or that he could not obtain such records from the respondent board/agency." (Office of County Sheriffs)
The FOIC did not find that High Sheriff had custody or control of the public records requested. The FOIC entered an order dismissing the complaint with respect to the respondent Office of County Sheriffs and concluded that the respondent High Sheriff Kupchunos "violated § 1-210a of the Connecticut General Statutes by failing to provide prompt access to the requested records."
Section 1-206 (a) of the Freedom of Information Act provides:
 Any denial of the right to inspect or copy records provided for under § 1-210 shall be made to the person requesting such right by the public agency or official who has custody or control of the public record, in writing within four business days of such request, . . ." (underlining added).
Section 1-206 (b)(2) provides that: CT Page 2698
 "In addition, upon the finding that a denial of any right created by the Freedom of Information Act was without reasonable grounds and after the custodian or other official directly responsible for the denial has been given an opportunity to be heard at a hearing conducted in accordance with sections 4-176e to 4-184 inclusive, the commission may, in its discretion, impose against the custodian or other official a civil penalty of not less than twenty dollars nor more than one thousand dollars." (underlining added).
The court interprets this statute to mean that before the FOIC can render a decision that a public official or agency has violated § 1-210, it must find that the public official or agency has "custody or control of the public record" requested.
Section 4-183 (j) provides: "The court shall affirm the decision of the agency unless the court finds that the substantial rights of the person appealing have been prejudiced because the administrative . . . decisions are (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency . . . (5) clearly erroneous in view of the reliable, probative and substantial evidence on the record . . ."
Here, there is no finding and no evidence in the record to establish a finding that High Sheriff Kupchunos had custody or control of the requested records.
The FOIC cannot place the burden on High Sheriff Kupchunos to disprove his custody or control of the requested records. Nor need the High Sheriff show that he could not obtain the records from another agency. Rather, to comply with the statutory prerequisites of the sections of the Freedom of Information Act referred to above, FOIC can only determine High Sheriff Kupchunos violated the Act after making a finding that the High Sheriff has the requested records in his custody or control. Since the FOIC failed to make such a finding, its decision violates those statutes and exceeds its statutory authority.
The appeal is sustained.
Robert Satter, Judge Trial Referee. CT Page 2699